REAVLEY, Circuit Judge,
dissenting:
I respectfully dissent. I can find no unreasonableness or fault in the conduct of the officers. And I do not believe that the majority gives due deference to the district court who heard the relevant live testimony. Nor do I believe that the majority properly applies the deferential reasonable suspicion standard. Reasonable suspicion is a considerably less stringent standard than probable cause. See United States v. Wangler, 987 F.2d 228, 230 (5th Cir.1993).
To begin, absent any show of coercion or extended retention, the officers were free to ask the passengers questions on the way to leaving the bus. The Supreme Court said in United States v. Drayton that, even with no basis for suspecting criminal activities, officers were free to “pose questions, ask for identification, and request consent to search luggage — provided they do not induce cooperation by coercive means.” 536 U.S. 194, 122 S.Ct. 2105, 2110, 153 L.Ed.2d 242 (2002).
Furthermore, the officer’s brief pause was justified by the circumstances. Portil-lo-Aguirre’s nervousness plus his posture that concealed the bag so it could only be seen from behind, together with the notorious history of the Sierra Blanca checkpoint, provided sufficient reasonable suspicion for Agent Woodruff to briefly extend the stop to ask Portillo-Aguirre whether he had a bag. Woodruff testified that drug seizures on the buses stopped at the checkpoint were almost a daily event.
When Portillo-Aguirre pointed only to the backpack in the overhead bin, Wood-ruff had all the more reasonable suspicion to inquire about the bag beneath Portillo-Aguirre’s seat. In my view Woodruff won additional time to extend the detention *661 when Portillo-Aguirre began to fidget nervously and unsuccessfully shuffled the contents on the top of the bag to persuade Woodruff that no contraband was hidden beneath. I would hold that throughout this chain of events, which in total lasted only a few minutes, the detention did not lapse into the realm of an unreasonable seizure in violation of the Fourth Amendment.